**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE LOUIS DURAN and EVELYN TORRES | ) | |
| | ) | No.   06 C 6469 |
| Plaintiff(s), | ) | |
| | ) | CHIEF JUDGE HOLDERMAN |
| vs. | ) | |
| | ) | Magistrate Judge Cole |
| CITY OF CHICAGO, PATRICIA L. LUTHER, | ) | |
| in her official and individual capacities; and | ) | |
| TINA FIGUEROA-MITCHELL, in her official | ) | |
| and individual capacities, | ) | |
| | ) | |
| Defendant(s). | ) | |

**MOTION OF DEFENDANT CITY OF CHICAGO TO DISMISS
COUNT 10 OF PLAINTIFFS' COMPLAINT**

Defendant City of Chicago ("City"), by its attorney, Mara S. Georges, Corporation

Counsel for the City of Chicago, respectfully moves to dismiss Count 10 of Plaintiffs' Complaint

as against the City, pursuant to Fed. R. Civ. P. 12(b)(6). In support of its motion, the City states

as follows:

**I.  INTRODUCTION**

Plaintiffs filed their Complaint against the City and two City of Chicago police officers

("Defendant Officers") on or about November 28, 2006. In Count 10 of their Complaint, Plaintiffs

allege that the Defendants are liable for defamation per se, in that they "reported false, inaccurate

and misleading polygraph test results to DCFS, MPEEC and the Illinois State's attorneys handling

the investigation and prosecution of a child protection action concerning E.D.", the Plaintiffs'

daughter. Complaint ¶219. Specifically, Plaintiffs allege that the City is liable under the doctrine of

*respondeat superior*. Complaint ¶232.  However, the City is immune from such claims under the

Illinois Local Governmental and Governmental Employees Tort Immunity Act. 745 ILCS 10/2 -

107. As such, Count 10 of Plaintiffs' Complaint as against the City must be dismissed.

### A.    Factual Allegations

Plaintiffs allege the following facts in their Complaint: On November 16, 2005, Plaintiffs took their daughter to her family physician. The physician sent the child to St. Elizabeth Hospital for x-rays. (Compl.¶ 42-44). The x-rays revealed that Plaintiffs' daughter had fractures of the humerus bones in both of her arms.  (Compl.¶ 45). Hospital personnel called the Illinois Department of Child and Family Services ("DCFS"). An investigation was initiated by DCFS. (Compl. ¶46-47). On or about November 17, 2005, DCFS reported the matter to the Chicago Police Department, and Defendant Officer Luther was assigned to investigate the matter. (Compl. ¶49-50). On November 28, 2005, polygraph tests were administered to the Plaintiffs by Defendant Officer Tina Figueroa-Mitchell. (Compl. ¶84-85).

Plaintiffs allege that the Defendants "maliciously and with willful, wanton and reckless disregard for the truth, reported false, inaccurate and misleading polygraph test results to DCFS, MPEEC and the Illinois State's Attorneys handling the  investigation  and prosecution of a child protection action concerning, E.D., daughter of EVELYN . TORRES and JOSE LOUIS DURAN." (Compl. ¶219) Further, Plaintiffs allege that the City is liable under the doctrine of *respondeat superior*. (Comp. ¶232.)

### B.    Standard Of Review

A district court generally should dismiss a complaint under Fed. R. Civ. P. 12(b) "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S. Ct. 2229 (1984). A  court is not required "to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." City Nat'l Bank of Florida v. Checkers,

Simon & Rosner, 32 F.3d 277, 281 (7th Cir. 1994) (citations omitted). If a complaint fails to

allege a necessary element required to obtain relief, dismissal is in order. See, R.J.R. Services, Inc.

v. Aetna Casualty and Sur. Co., 895 F.2d 279, 281 (7th Cir. 1989).

## II. ARGUMENT

The City moves to dismiss Count 10 of Plaintiffs' Complaint against the City for failure to

state a claim upon which relief can be granted, because the City is immune from defamation

actions under Illinois law.[1]

Plaintiff claims that the City and the Defendant Officers are liable for defamation per se

because the Defendant Officers provided information regarding polygraph test results to various

agencies, including DCFS and the Illinois State's Attorney. Plaintiffs have not cited any law upon

which they base this claim, but Illinois courts have recognized defamation per se actions brought

pursuant to state common law. See e.g. Mullen v. Solber, 271 Ill.App.3d 442, 208 Ill.Dec. 28 (1st

Dist.1995); Myers v. The Telegraph, 332 Ill.App.3d 917, 265 Ill.Dec. 830(5th Dist.2002);

Krichner v. Greene, 294 Ill.App.3d 672, 229 Ill.Dec. 171 (1st Dist, 1998). Such state law claims

against the City are governed by the Local Governmental and Governmental Employees Tort

Immunity Act ("Tort Immunity Act"). 745 ILCS 10/1-101 et seq.[2] Section 2-107 of the Tort

---

[1]Furthermore, the City suggests that Count 10 should be dismissed as to the individual officers as well. The Illinois Tort Immunity Act provides personal immunity for defamation actions via 745 ILCS 10/2-210. Law enforcement officials are entitled to absolute immunity against civil defamation actions related to communications made for the purpose of instituting legal proceedings, as Plaintiffs allege occurred here. See Doe v. Haliw, 2000 WL 91923 (N.D. Ill.) (Public policy demands free flow of information during investigatory stages of proceedings, so officers were entitled to absolute immunity from civil defamation action). Thus, Count 10 should be dismissed as to the individual officers, as they have absolute immunity.

[2] See, 745 ILCS 10-1/206 (The definition for "local public entity" includes a municipal corporation.); Ferguson v. City of Chicago, 213 Ill.2d 94, 289 Ill.Dec. 679 (2004) (The City of Chicago is a local public entity as defined by the Tort Immunity Act.)

Immunity Acts states:

> A local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous or for the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material.

Id.  A local public entity, such as the City, is immune from suits based upon libelous or slanderous actions by its employees. See  Ellis v. City of Chicago, 2000 WL 1774084 (N.D.Ill.)(Plaintiff could not sue the City of Chicago for defamation pursuant to 745 ILCS 10/2-107.);  Smith v. Chicago Park District, 1999 WL 33883 (N.D.Ill.)(The Tort Immunity Act immunizes the Chicago Park District against defamation claims.);  Balsamo v. One Source, Northern Regional Commuter Railroad Corporation, 2005 WL 396303 (N.D.Ill.) (METRA, a local public entity under the Tort Immunity Act, is not liable for defamation.) Thus, the City itself cannot be held liable for the alleged slanderous or libelous actions of the Defendant Officers. As such, Count 10 against the City should be dismissed.

WHEREFORE, for the reasons stated above, the City  respectfully requests that this Honorable Court dismiss Count 10 of Plaintiffs' Complaint against the City of Chicago.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel for the City of Chicago

BY:     /s/ Kimberly Grunewald
        Assistant Corporation Counsel

30 North LaSalle Street
Suite 1610
Chicago, Illinois  60602
312/744-6951
Atty. No. 06273009