**IN THE UNITES STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOSE LOUIS DURAN and EVELYN TORRES | ) ) ) | |
| Plaintiffs | ) ) | **No. 06 C 6469** |
| v. | ) ) | **JUDGE HOLDERMAN** |
| CITY OF CHICAGO; PATRICIA L. LUTHER, in her official and individual capacities; and TINA FIGUEROA-MITCHELL, in her official and individual capacities | ) ) ) ) ) ) ) | **MAGISTRATE JUDGE COLE** **JURY DEMAND** **12-Person** |
| Defendants | ) | |

**MOTION FOR DEFAULT JUDGMENT AS TO PATRICIA L. LUTHER AND TINA FIGUEROA-MITCHELL**

COME NOW Plaintiffs, JOSE LOUIS DURAN and EVELYN TORRES, by and through their attorney, David P. Buchanan, and file this Motion for Default Judgment as to PATRICIA L. LUTHER and TINA FIGUEROA-MITCHELL. In support, Plaintiffs state as follows:

1. This case concerns civil rights violations and other acts and omissions of Chicago Police officers and the City of Chicago, by and through its Police Department, in connection with an investigation of injuries sustained by a minor child, E.D. the daughter of JOSE LOUIS DURAN and EVELYN TORRES.

2. The Complaint was filed on November 28, 2006 and Summons as to all defendants were issued on that date. *See document 1*.

3. The Summons and Complaint were served upon PATRICIA L. LUTHER and TINA FIGUEROA, by and through the Legal Affairs Department, of the City of Chicago Police Department on December 6, 2006. Vincent Caffo of that Department

accepted the papers on behalf of the officers in their official capacities as police officers. *See documents 19-20*

4. Pursuant to Fed. R. Civ. Proc. 12(a)(1)(A), these defendants thereafter had 20 days to file answers to the complaint. Neither officer filed and appearance or answer within that time.

5. Plaintiffs were thereafter concerned that the defendant officers might later claim that they did not receive proper service. Therefore, plaintiffs proceeded to attempt personal service on both officers. TINA FIGUEROA-MITCHELL was served at her home on January 23, 2007, by leaving copies of the Complaint and Summons with her brother. *See document 21*.

6. Multiple attempts were made to try to personally serve PATRICIA L. LUTHER. However, this officer successfully eluded the process server.

7. On January 31, 2007, Liza M. Franklin of the City of Chicago Law Department filed an appearance on behalf of both PATRICIA L. LUTHER and TINA FIGUEROA-MITCHELL. *See document 10.* The defendants filed a Motion for Extension of Time to Answer or Otherwise Plead. *See document 11*.

8. The Court heard this motion on February 6, 2007. All counsel appeared. Plaintiffs counsel did not object to the extension, but asked that counsel for the officers stipulate that both had been properly served. Attorney Liza Franklin acknowledged on the record that both officers had been properly served and that her appearance was made for both officers in all capacities. Having established that there was no claimed service problem and with no objection from Plaintiff, the Court granted the extension of time for

all defendants to answer or otherwise plead until a final deadline of February 20, 2007. *See Order entered as document 14*.

9. The City of Chicago filed its answer on February 20, 2007 as well as a Motion to Dismiss Count 10. *See documents 15-17*. However, the officers did not file an answer or other pleading.

10. At the time of this filing, there is still no answer on file for either PATRICIA L. LUTHER or TINA FIGUEROA-MITCHELL.

11. Defendants did not file any motion to extend the deadline to file an answer prior to its expiration. Therefore, these defendants are in default.

12. It is significant that the primary reason given for delay in the prior motion is that counsel had not received the files and records of the police investigation. *See document 11*. The reason why counsel did not have the records and files was not given.

13. In response to this motion, Defendants may argue that Plaintiffs will not be prejudiced by further delay. However, Plaintiffs will be prejudiced. Plaintiffs need all of the evidence, records, videotapes or other materials concerning the police investigation and the polygraph tests at issue to effectively prosecute this case. These materials are central to the case. There has been plenty of time—more than 3 months since service upon defendants--to obtain the materials. Since the materials apparently are being withheld and this appears to be the reason the defendants have not filed answers to the complaint, default is appropriate.

14. The allegations in the complaint must now be taken as true and are deemed admitted. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1312, 1323 (7th Cir. 1983) *citing Pope v. United States*, 323 U.S. 1, 65 S.Ct. 16, 89

L.Ed. 3 (1944). However, the amount of damages suffered, unless liquidated or readily quantifiable, must be determined separately. *Id.* In the present case, since the damages alleged are largely not subject to simple calculation, and because plaintiffs have made a jury demand, the amount of damages should be considered by a jury.

WHEREFORE, Plaintiffs respectfully request that the Court enter Default Judgment in favor of Plaintiffs and against PATRICIA L. LUTHER and TINA FIGUEROA-MITCHELL such that all allegations in the complaint concerning liability as to all counts are deemed admitted by these defendants. Plaintiffs request that the Court enter an award of costs against defendants and in favor of Plaintiffs. Plaintiffs further request that the Court set the matter for jury determination of the amount of damages.

      /s/ David P. Buchanan     .
      Attorney for Plaintiffs

**DAVID P. BUCHANAN LAW OFFICES**
55 West Monroe, Suite 600
Chicago, Illinois 60603
(312) 920-9312
Attorney No. 6273667