IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSE LOUIS DURAN and EVELYN TORRES | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 06 C 6469 |
| CITY OF CHICAGO; PATRICIA L. LUTHER, in her official and individual capacities; and TINA FIGUEROA-MITCHELL, in her official and individual capacities | ) ) ) ) ) | JUDGE HOLDERMAN MAGISTRATE JUDGE COLE |
| Defendants. | ) | |

## DEFENDANT LUTHER'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, 12(B)(6) DEFENSE, AND JURY DEMAND

Defendant Chicago Police Officer Patricia Luther, by one of her attorneys, Liza M.

Franklin, Chief Assistant Corporation Counsel, hereby submits her answer to Plaintiffs' First

Amended Complaint, affirmative defenses, and jury demand to as follows[1]:

## INTRODUCTION

_____(1)     **Violation of 42 U.S.C. 1983:  False detention and confinement and warrantless interrogation in violation of the 4th, 5th and 14th Amendments by police officer PATRICIA LUTHER coercing plaintiffs to take polygraph examinations at a remote location, transporting them to that location in a police car, by telling them they would not get their baby back from DCFS custody unless they took the tests and by conducting an extended, abusive interrogation, under threat of arrest, without advising plaintiffs of their *Miranda* rights.**

**ANSWER:**     Defendant Luther denies the allegations in paragraph (1).

(2)     **Violation of 42 U.S.C. 1983:  Due process violations and conspiracy to hide exculpatory information in violation of the 4th and 5th and 14th Amendments by officer TINA FIGUEROA-MITCHELL in administering multiple polygraph tests, administering the tests in an inappropriate manner, forcing plaintiffs to take these examinations in English rather than Spanish and then failing to reveal these facts, as well as all of the test**

---

[1]     Defendant Patricia Luther answers for herself alone and make no answer for any other named or unnamed defendants.

results, to the Illinois Department of Children and Family Services (DCFS), to the Multidisciplinary Pediatric Education and Evaluation Consortium (MPEEC) and to the State of Illinois Attorneys handing the Juvenile Child Protection Action concerning E.D.;

**ANSWER:** As this paragraph is not directed at Defendant Luther, she makes no answer to paragraph (2).

(3) **Violation of 42 U.S.C. 1983: Due process violations in hiding exculpatory information in violation of the 4th and 5th and 14th Amendments by officer PATRICIA LUTHER by giving false and misleading information concerning polygraph test results of the plaintiffs to the Illinois Department of Children and Family Services (DCFS), to the Multidisciplinary Pediatric Education and Evaluation Consortium (MPEEC) and to the State of Illinois Attorneys handing the Juvenile Child Protection Action concerning E.D.;**

**ANSWER:** Defendant Luther denies the allegations in paragraph (3).

(4) **Violation of 42 U.S.C. 1983: Violation due process rights under the 4th, 5th and 14th Amendments when police officers, TINA FIGUEROA-MITCHELL and PATRICIA LUTHER, in a conspiracy with each other, intentionally, and/or with willful and wanton disregard for accuracy, reported false and/or misleading polygraph test results to DCFS, to the MPEEC physician and to the Illinois State's Attorneys knowing that this information would be used in legal proceedings to remove plaintiffs' daughter, E.D., from them;**

**ANSWER:** To the extent paragraph (4) makes allegations against Defendant Luther, she denies those allegations.

(5) **Violation of 42 U.S.C. 1983: Constitutional rights violations by the CITY OF CHICAGO under the 4th, 5th and 14th Amendments for having inadequate or absent policies and procedures, inappropriate usages, customs or practices relating to polygraph tests, failing to adequately train its officers, and failing to properly supervise the administration of polygraph examinations performed on plaintiffs to ensure that proper procedure was followed and failing to properly supervise the accuracy or reporting the results to DCFS, MPEEC and the Illinois State's Attorney;**

**ANSWER:** As this paragraph is not directed at Defendant Luther, she makes no answer to paragraph (5).

(6) **Malicious Prosecution: Defendant police officers, with malice, and/or with willful and wanton disregard for accuracy, reported false and misleading polygraph test**

**results to DCFS, MPEEC and the Illinois State's Attorneys knowing that this information would be used in legal proceedings against plaintiffs to remove their daughter, E.D., from their home.**

  **ANSWER:** To the extent paragraph (6) makes allegations against Defendant Luther,

she denies those allegations

  **(7, 8) Assault and Battery: Defendant officer, PATRICIA LUTHER, threatened and pushed plaintiff, EVELYN TORRES, while she interrogated EVELYN TORRES at the police station after the polygraph test;**

  **ANSWER:** Defendant Luther denies the allegations in paragraphs (7,8).

  **(9) Intentional Infliction of Emotional Distress: Defendant officer PATRICIA LUTHER intentionally inflicted emotional distress to plaintiffs by maliciously prosecuting them, by abusing the legal process by unlawful purpose, by violating plaintiff's constitutional rights, by falsely detaining and interrogating the plaintiffs, by conspiring against plaintiffs, by pushing EVELYN TORRES and by interfering with plaintiff's civil rights through the use of threats, coercion, and intimidation.  Further, officers PATRICIA LUTHER and TINA FIGUEROA-MITCHELL intentionally and/or with willful and wanton disregard for accuracy, reported false and/or misleading polygraph test results to DCFS thereby leading to legal proceedings that removed E.D. from her parents for more than 8 months and that sought to Adjudicate her a Ward of the State;**

  **ANSWER:** To the extent paragraph (9) makes allegations against Defendant Luther,

she denies those allegations.

  **(10) Defamation Per Se: The Defendant police officers, PATRICIA LUTHER and TINA FIGUEROA-MITCHELL, intentionally and maliciously, and/or with reckless disregard for accuracy, published false statements to DCFS, the MPEEC and the Illinois State's Attorney concerning the polygraph results pertaining to plaintiffs thereby causing them to lose their child for a period of more than 8 months.**

  **ANSWER:** To the extent paragraph (10) makes allegations against Defendant Luther,

she denies those allegations.

## JURISDICTION

**1.** **Jurisdiction of this court arises under the 4th, 5th and 14th Amendments to the United States Constitution, 42 U.S.C. §1983, 28 U.S.C. §1367(a), 42 U.S.C. §1988(b) and the common law.**

**ANSWER:** Defendant Luther admits this court has jurisdiction over this case, but

denies committing the violations alleged.

**2.** **Jurisdiction of this court for the pendent state law claims is authorized by F.R.Civ.P. 18(a), 28 U.S.C. §1367(a) and arises under the doctrine of pendent jurisdiction as set forth in *United Mine Workers v. Gibbs, 383 U.S. 715 (1966).***

**ANSWER:** Defendant Luther admits this court has jurisdiction over this case, but

denies committing the violations alleged.

## PARTIES

**3.** **Plaintiffs JOSE LOUIS DURAN and EVELYN TORRES are natural persons residing at 3411 North Kenton Street, Floor 2, Chicago, Cook County, Illinois, United States of America; both Plaintiffs were residents of Illinois during all relevant times of this action. JOSE LOUIS DURAN and EVELYN TORRES are the natural parents of E.D., a minor.**

**ANSWER:** On information and belief, Defendant Luther admits the allegations in

paragraph 3.

**4.** **Defendant, PATRICIA LUTHER, who is a natural person, was a duly-appointed police officer in the Chicago Police Department, City of Chicago, Cook County, State of Illinois at all times relevant to this Complaint.**

**ANSWER:** Defendant Luther admits the allegations in paragraph 4.

**5.** **Defendant TINA FIGUEROA-MITCHELL, who is a natural person, was a duly-appointed police officer in the Chicago Police Department, City of Chicago, Cook County, State of Illinois at all times relevant to this Complaint.**

**ANSWER:** On information and belief, Defendant Luther admits the allegations in

paragraph 5.

4

**6.      Defendant CITY OF CHICAGO is a municipal corporation, organized under the laws of the State of Illinois.  It operates the Chicago Police Department and is thereby responsible for the training and supervision of police officers and the implementation, enforcement of policies, procedures, and practices of Chicago police officers.  It was also the public employer of Defendants Officer PATRICIA LUTHER and Officer TINA FIGUEROA-MITCHELL at all times relevant to this Complaint.**

**ANSWER:**    On information and belief, Defendant Luther admits the allegations in

paragraph 6.

**7.      Defendant OFFICER PATRICIA LUTHER and Officer TINA FIGUEROA-MITCHELL and others not presently known to the plaintiff were, at all times material to this Complaint, duly appointed CITY OF CHICAGO police officers of unknown rank acting the in the course and scope of their employment.**

**ANSWER:**    On information and belief, Defendant Luther admits that she and Detective

Figueroa-Mitchell were duly appointed CITY OF CHICAGO police officers acting in the course

and scope of their employment.  Defendant Luther denies the remaining allegations in paragraph

7.

**8.      Plaintiff sues all public employees in their official and individual capacities.**

**ANSWER:**    Defendant Luther admits Plaintiffs purport to sue all public employees in

their official and individual capacities, but denies committing any acts which would give rise to

liability to Plaintiffs.  Defendant Luther denies the remaining allegations in paragraph 8.

**9.      At all times material to this Complaint, Defendant Officer PATRICIA L. LUTHER and Officer TINA FIGUEROA-MITCHELL acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of Illinois, City of Chicago and the Chicago Police Department.**

**ANSWER:**    Defendant Luther admits she was acting under color of the statutes,

ordinances, customs, and usage of the State of Illinois, City of Chicago and the Chicago Police

Department at all times material to this complaint. Defendant Luther is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

## FACTS

**_____10.    The CITY OF CHICAGO is a municipal corporation doing business within the County of Cook, State of Illinois.**

**ANSWER:**    On information and belief, Defendant Luther admits the allegations in

paragraph 10.

**11.    The CITY OF CHICAGO owns and operates the CHICAGO POLICE DEPARTMENT.**

**ANSWER:**    On information and belief, Defendant Luther admits the allegations in

paragraph 11.

**12.    On November 28, 2005 and at all times relevant to this case, the CITY OF CHICAGO employed police officer PATRICIA L. LUTHER and during all alleged acts and omissions referenced in this complaint officer LUTHER acted within the course and scope of her employment.**

**ANSWER:**    Defendant Luther admits the allegations in paragraph 12.

**13.    On November 28, 2005 and at all times relevant to this case, the CITY OF CHICAGO employed police officer TINA FIGUEROA-MITCHELL and during all alleged acts and omissions referenced in this complaint, officer FIGUEROA-MITCHELL acted within the course and scope of her employment.**

**ANSWER:**    On information and belief, Defendant Luther admits the allegations in

paragraph 13.

**14.    On November 28, 2005 and at all times relevant to this case, the CITY OF CHICAGO, by and through its Police Chief and managing officers, was responsible for supervising the police work of PATRICIA L. LUTHER and TINA FIGUEROA-MITCHELL.**

**ANSWER:**    On information and belief, Defendant Luther admits the allegations in

paragraph 14.

15.     On November 28, 2005 and at all times relevant to this case, the CITY OF
CHICAGO, by and through its Police Chief and managing officers, was responsible for
training PATRICIA L. LUTHER and TINA FIGUEROA-MITCHELL on its policies and
proper police procedures.

ANSWER:     On information and belief, Defendant Luther admits the allegations in

paragraph 15.

16.     On November 28, 2005 and at all times relevant to this case, the CITY OF
CHICAGO, by and through its Police Chief and managing officers, was responsible for
implementing and enforcing appropriate policies and procedures for the administration of
polygraph tests and the reporting of results.

ANSWER:     On information and belief, Defendant Luther admits the allegations in

paragraph 16.

17.     E.D., date of birth May 16, 2005, is the natural born daughter of JOSE
LOUIS DURAN and EVELYN TORRES.

ANSWER:     On information and belief, Defendant Luther admits the allegations in

paragraph 17.

18.     On November 15, 2005, JOSE LOUIS DURAN took E.D. to El Mundo
Futuro Day Car for day care services to be rendered while he and EVELYN TORRES
were at work.

ANSWER:     On information and belief, Defendant Luther admits the allegations in

paragraph 18.

19.     On November 15, 2005, E.D. was 6 months of age.

ANSWER:     On information and belief, Defendant Luther admits the allegations in

paragraph 19.

7

**20.      On November 15, 2005, E.D. was not able to crawl or walk.**

**ANSWER:**      On information and belief, Defendant Luther admits the allegations in

paragraph 20.

**21.      On November 15, 2005, at approximately 5:00 p.m. Maria Barrera, the El
Mundo Futuro Day Care owner and operator, called EVELYN TORRES and told her that
her baby, E.D., was crying.**

**ANSWER:**      On information and belief, Defendant Luther admits the allegations in

paragraph 21.

**22.      Some time afterwards, Maria Barrera also called JOSE LOUIS DURAN to
notify him of the situation.**

**ANSWER:**      On information and belief, Defendant Luther admits the allegations in

paragraph 22.

**23.      He proceeded to E. Mundo Futuro day care.**

**ANSWER:**      On information and belief, Defendant Luther admits the allegations in

paragraph 23.

**24.      EVELYN TORRES also proceeded to El Mundo Futuro.**

**ANSWER:**      On information and belief, Defendant Luther admits the allegations in

paragraph 24.

**25.      EVELYN TORRES arrived at approximately 6:15 P.M.**

**ANSWER:**      On information and belief, Defendant Luther admits the allegations in

paragraph 25.

**26.      JOSE LOUIS DURAN arrived at approximately 6:30 p.m.**

**ANSWER:**      On information and belief, Defendant Luther admits the allegations in

paragraph 26.

**27.     When they arrived, E.D. was crying uncontrollably and bleeding from the mouth.**

**ANSWER:**     On information and belief, Defendant Luther admits the allegations in

paragraph 27.

**28.     JOSE LOUIS DURAN and EVELYN TORRES questioned Maria Barrera extensively as to how this could have happened.**

**ANSWER:**     Defendant Luther is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 28.

**29.     They did not receive adequate responses.**

**ANSWER:**     Defendant Luther is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 29.

**30.     Therefore, they rushed E.D. to Swedish Covenant Hospital Emergency Room (ER) for examination.**

**ANSWER:**     Defendant Luther admits Plaintiff took E.D. to Swedish Covenant Hospital

Emergency Room. Defendant Luther is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 30.

**31.     The time of arrival at Swedish Covenant Hospital was 6:35 p.m.**

**ANSWER:**     Defendant Luther is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 31.

**32.     The child, however, was not examined until 7:00 p.m.**

**ANSWER:**     Defendant Luther is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 32.

**33.     The parents requested x-rays and a full body examination.**

**ANSWER:**     Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

**34.     Unfortunately, the ER nurse, Cynthia Graham, RN, and the ER physician, Andrew Costello, M.D., focused only on the bleeding and thus examined only the baby's head, neck and mouth.**

**ANSWER:**     Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

**35.     They did not conduct a full body examination.**

**ANSWER:**     Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

**36.     No x-rays were done.**

**ANSWER:**     On information and belief, Defendant Luther admits the allegations in paragraph

**37.     Dr. Costello and Nurse Graham both documented in the medical records that the baby had a cut on her tongue.**

**ANSWER:**     On information and belief, Defendant Luther admits the allegations in paragraph 37.

**38.     Neither Dr. Costello nor Nurse Graham documented any examination of the child's arms nor any part of her body other than the head, mouth and neck.**

**ANSWER:**     On information and belief, Defendant Luther admits the allegations in paragraph 38.

10

**39.**     **In fact, neither Dr. Costello nor Nurse Graham ever removed E.D. from the car seat that her parents used to carry her into the ER.**

**ANSWER:**     Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

**40.**     **Dr. Costello discharged E.D. at 7:21, just 21 minutes after she was first examined.**

**ANSWER:**     Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

**41.**     **E.D. thereafter cried all night.**

**ANSWER:**     Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

**42.**     **The following morning, on November 16, 2005, EVELYN TORRES and JOSE LOUIS DURAN took Evelyn to her family physical, Dr. Sanket Parikh.**

**ANSWER:**     On information and belief, Defendant Luther admits that, on November 16, 2005, Plaintiffs took E.D. to see Dr. Sankret Parikh.  Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42.

**43.**     **Dr. Parikh noticed that the child cried when her arms were manipulated.**

**ANSWER:**     On information and belief, Defendant Luther admits the allegations in paragraph 43.

**44.**     **Dr. Parikh sent the child to St. Elizabeth Hospital for x-rays.**

**ANSWER:**     On information and belief, Defendant Luther admits the allegations in paragraph 44.

45. **X-rays revealed that E.D. had fractures of the humerus bones in both of her arms.**

**ANSWER:**     On information and belief, Defendant Luther admits the allegations in paragraph 45.

46. **Hospital personnel called the Illinois Department of Child and Family Services (DCFS) on November 16, 2005 to notify them of potential child abuse.**

**ANSWER:**     On information and belief, Defendant Luther admits the allegations in paragraph 46.

47. **An investigation was started by DCFS.**

**ANSWER:**     On information and belief, Defendant Luther admits the allegations in paragraph 47.

48. **JOSE LOUIS DURAN and EVELYN TORRES fully cooperated with DCFS and answered all of their questions.**

**ANSWER:**     On information and belief, Defendant Luther denies the allegations in paragraph 48.

49. **On or about November 17, 2005, DCFS reported this matter to the Chicago Police Department.**

**ANSWER:**     On information and belief, Defendant Luther admits the allegations in paragraph 49.

50. **On or about November 18, 2005, officer PATRICIA L. LUTHER was assigned to investigate this matter.**

**ANSWER:**     Defendant Luther admits the allegations in paragraph 50.

**51.** On or about November 20, 2005, officer PATRICIA LUTHER interviewed EVELYN TORRES and JOSE LOUIS DURAN.

    **ANSWER:** Defendant Luther admits the allegations in paragraph 51.

**52.** PATRICIA LUTHER requested that EVELYN TORRES and JOSE LOUIS DURAN take a polygraph test.

    **ANSWER:** Defendant Luther admits the allegations in paragraph 52.

**53.** PATRICIA LUTHER also requested that Maria Barrera and Milagros Vasquez, the day care personnel that were with E.D. on the date of her injuries, to take a polygraph test.

    **ANSWER:** Defendant Luther admits the allegations in paragraph 53.

**54.** The tests on Maria Barrera and Milagros Vasquez were completed on November 21, 2005.

    **ANSWER:** Defendant Luther admits the allegations in paragraph 54.

**55.** The polygraph tests performed on Maria Barrera and Milagros Vasquez were performed by TINA FIGUEROA-MITCHELL.

    **ANSWER:** Defendant Luther admits the allegations in paragraph 55.

**56.** The polygraph tests performed on Maria Barrera and Milagros Vasquez were performed in Spanish with the use of an interpreter.

    **ANSWER:** On information and belief, Defendant Luther admits the allegations in paragraph 56.

**57.** When pressed by OFFICER LUTHER about taking a polygraph test, JOSE LOUIS DURAN and EVELYN TORRES initially stated that they would think about it and, it they decided to do it, they would call PATRICIA LUTHER at a later time to schedule it because they both had a hard time taking time off from work.

    **ANSWER:** Defendant Luther admits that Plaintiffs initially stated that they would think about it and, it they decided to do it, they would call her at a later time to schedule.

Defendant Luther denies the remaining allegations in paragraph 57.

**58.    Each day thereafter, PATRICIA LUTHER called JOSE LOUIS DURAN on multiple occasions trying to pressure him and EVELYN TORRES to take a polygraph test.**

    **ANSWER:**    Defendant Luther admits she contacted Plaintiffs on November 21, 22, and

23 concerning the polygraph tests.  Defendant Luther denies the remaining allegations in

paragraph 58.

**59.    On a couple of occasions, PATRICIA LUTHER called late at night, while JOSE LOUIS DURAN and EVELYN TORRES were sleeping, to make requests for them to take polygraph.**

    **ANSWER:**    Defendant Luther admits she called at night on one occasion, after

Plaintiffs did not return her call, to determine whether Plaintiffs intended to take the polygraph

tests.  Defendant Luther is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 59.

**60.    Officer LUTHER reported to DCFS that the parents were being uncooperative with the police investigation because they had not scheduled polygraph tests.**

    **ANSWER:**    Defendant Luther admits the allegations in paragraph 60.

**61.    On November 23, 2005, due to the unwarranted representation by LUTHER that the parents were being uncooperative with the investigation, DCFS executed a "safety plan" and removed E.D. from the home of JOSE LOUIS DURAN and EVELYN TORRES and placed her in foster care.**

    **ANSWER:**    Defendant Luther admits that, on November 23, 2005, DCFS executed a

"safety plan" and removed E.D. from Plaintiffs' home and placed her in foster care. Defendant

Luther denies the remaining allegations in paragraph 61.

**62.     On November 25, 2005, JOSE LOUIS DURAN spoke to PATRICIA LUTHER by telephone.  Officer LUTHER told JOSE LOUIS DURAN that he and EVELYN TORRES needed to take polygraph tests if they wanted to get their baby back.**

**ANSWER:**     Defendant Luther admits that, on November 25, 2005, she spoke to

Plaintiff Duran by telephone.  Defendant Luther denies the remaining allegations in paragraph

62.

**63.     Based upon this representation by officer LUTHER in paragraph 65 above, both JOSE LOUIS DURAN and EVELYN TORRES agreed to take a polygraph test.**

**ANSWER:**     Defendant Luther admits that Plaintiffs agreed to take a polygraph exam.

Defendant Luther denies the remaining allegations in paragraph 63.

**64.     The polygraph test was scheduled for November 28, 2005.**

**ANSWER:**     Defendant Luther admits the allegations in paragraph 64.

**65.     JOSE LOUIS DURAN told officer LUTHER that he understood English well.**

**ANSWER:**     Defendant Luther admits the allegations in paragraph 65.

**66.     JOSE LOUIS DURAN told officer LUTHER that EVELYN TORRES did not understand English well and that she would need to take the polygraph in Spanish.**

**ANSWER:**     Defendant Luther denies the allegations in paragraph 66.

**67.     On November 28, 2005, at approximately 8:30 p.m., JOSE LOUIS DURAN and EVELYN TORRES presented themselves to the police facility at Belmont and Western on the North side of Chicago to meet with PATRICIA LUTHER for the polygraph test.**

**ANSWER:**     Defendant Luther admits the allegations in paragraph 67.

**68.    PATRICIA LUTHER put JOSE LOUIS DURAN and EVELYN TORRES in the back of a police car and transported them to a Chicago Police Department Facility on the South Side of Chicago for a polygraph test.**

**ANSWER:**    Defendant Luther admits she transported Plaintiffs to the Chicago Police Department facility on the south side of Chicago for the polygraph test.  Defendant Luther further admits that Plaintiff sat in the back of the police car.  Defendant Luther denies the remaining allegations in paragraph 68.

**69.    On November 28, 2005, JOSE LOUIS DURAN again requested that the polygraph test of EVELYN TORRES be given in her native language, Spanish.**

**ANSWER:**    To the extent this paragraph attributes knowledge or acts to Defendant Luther, Defendant Luther denies the allegations in paragraph 69.  Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69.

**70.    On November 28, 2005, EVELYN TORRES requested that the polygraph test be performed on her in her native language, Spanish.**

**ANSWER:**    To the extent this paragraph attributes knowledge or acts to Defendant Luther, Defendant Luther denies the allegations in paragraph 70.  Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70.

**71.    Despite the specific requests to take the polygraph tests in Spanish, all of the polygraph tests administered to EVELYN TORRES were administered in English.**

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

**72.** Prior to the tests, officer PATRICIA LUTHER told JOSE LOUIS DURAN and EVELYN TORRES repeatedly that they needed to complete polygraph tests or they would not get their baby back.

**ANSWER:** Defendant Luther denies the allegations in paragraph 72.

**73.** When TINA FIGUEROA-MITCHELL attached the polygraph machine to JOSE LOUIS DURAN, she put the arm cuff on extremely tight.

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

**74.** JOSE LOUIS DURAN complained that the arm cuff was too tight.

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

**75.** TINA FIGUEROA-MITCHELL ignored that complaint did not loosen the cuff.

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

**76.** When TINA FIGUEROA-MITCHELL attached the polygraph machine to EVELYN TORRES, she put the arm cuff on extremely tight.

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

**77.** EVELYN TORRES complained that the arm cuff was too tight.

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

**78.** **TINA FIGUEROA-MITCHELL ignored that complaint and did not loosen the cuff.**

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

**79.** **On November 28, 2005, after submitting to one polygraph test, officer TINA FIGUEROA-MITCHELL told JOSE LOUIS DURAN that he would have to repeat the test.**

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

**80.** **JOSE LOUIS DURAN felt compelled to agree to repeat the test due to the prior representations of officer LUTHER that he would not get his baby back without it.**

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

**81.** **After completing the first test, JOSE LOUIS DURAN started to feel loss of sensation in his arm due to how tightly the cuff was applied.**

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

**82.** **On November 28, 2005, after submitting to one polygraph test, officer TINA FIGUEROA-MITCHELL told EVELYN TORRES that she would have to repeat the test.**

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

**83.** **EVELYN TORRES felt compelled to agree to repeat the test due to the prior representations of officer LUTHER that she would not get her baby back without it.**

**ANSWER:** To the extent paragraph 83 alleges conduct by Defendant Luther,

18

Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83.

**84.    After completing the first polygraph test, EVELYN TORRES started to feel loss of sensation in her arm due to how tightly the cuff had been applied.**

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

**85.     After the second test TINA FIGUEROA-MITCHELL told EVELYN TORRES she would have to repeat the test again.**

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

**86.    EVELYN TORRES felt compelled to agree to repeat the test a third time due to the prior representations by officer LUTHER that she would not get her baby back without it.**

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

**87.    Each time the polygraph tests were administered, the same questions were asked.**

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

**88.    On November 28, 2005, officer TINA FIGUEROA-MITCHELL administered two polygraph tests to JOSE LOUIS DURAN.**

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

**89.     On November 28, 2005, officer TINA FIGUEROA-MITCHELL administered three polygraph tests to EVELYN TORRES.**

**ANSWER:**     Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

**90.     After the tests were completed and the arm cuff was finally removed, JOSE LOUIS DURAN felt numbness in his arm as a result of how tightly the cuff had been applied.**

**ANSWER:**     Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

**91.     After the tests were completed and the arm cuff was finally removed, EVELYN TORRES felt numbness in her arm as a result of how tightly the cuff had been applied.**

**ANSWER:**     Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

**92.     After the tests were completed, officer LUTHER transported JOSE LOUIS DURAN and EVELYN TORRES in the back of a police car to the police station at Belmont and Western.**

**ANSWER:**     Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

**93.     On arrival to the police station at Belmont and Western, well after midnight, officer LUTHER did not allow JOSE LOUIS DURAN and EVELYN TORRES to leave.**

**ANSWER:**     Defendant Luther denies the allegations in paragraph 93.

**94.     LUTHER told them they needed to wait for the results of the polygraph test.**

**ANSWER:**     Defendant Luther admits the allegations in paragraph 94.

**95.** **When JOSE LOUIS DURAN raised a concern about the late hour and stated that he needed to go home in order to be at work early in the morning, officer LUTHER stated that if the two of them did not wait, she would arrest them.**

**ANSWER:**     Defendant Luther denies the allegations in paragraph 95.

**96.** **Sometime on or about November 28, or 29, 2005, officer TINA FIGUEROA-MITCHELL advised officer PATRICIA LUTHER that JOSE LOUIS DURAN and EVELYN TORRES failed their polygraph tests.**

**ANSWER:**     Defendant Luther admits that Officer Figueroa-Mitchell advised her that

deception was indicated on both examinations taken by Plaintiffs.  Defendant Luther denies the

remaining allegations in paragraph 96.

**97.** **After waiting at the station for some time, officer LUTHER called EVELYN TORRES into her office and told her she failed the polygraph test.**

**ANSWER:**     Defendant Luther admits the allegations in paragraph 97.

**98.** **Officer LUTHER then started yelling at EVELYN TORRES that she was guilty of abuse of her child and that she should admit it.**

**ANSWER:**     Defendant Luther denies the allegations in paragraph 98.

**99.** **Officer LUTHER asked EVELYN TORRES to come closer to her and then pushed EVELYN TORRES two times as she continued to yell at EVELYN TORRES that she was guilty of harming her own child.**

**ANSWER:**     Defendant Luther denies the allegations in paragraph 99.

**100.** **EVELYN TORRES responded by telling officer LUTHER to stop pushing her.**

**ANSWER:**     Defendant Luther denies the allegations in paragraph 100.

**101.** **Officer LUTHER then replied, "What are you going to do about it?"**

**ANSWER:**     Defendant Luther denies the allegations in paragraph 101.

**102. Officer LUTHER, under the threat of arresting TORRES if she did not cooperate, continued to interrogate her about what happened to the child.**

**ANSWER:** Defendant Luther denied the allegations in paragraph 102.

**103. Officer LUTHER did not advise Ms. TORRES of her right to be counsel or of any other *Miranda* rights.**

**ANSWER:** Defendant Luther admits the allegations in paragraph 103.

**104. At all times during this abusive and warrantless interrogation, EVELYN TORRES told officer LUTHER that neither she nor her husband harmed their child in any way.**

**ANSWER:** Defendant Luther admits EVELYN TORRES told officer LUTHER that neither she nor her husband harmed their child in any way. Defendant Luther denies the remaining allegations in paragraph 104.

**105. Shortly thereafter, officer LUTHER told EVELYN TORRES to wait outside and she asked JOSE LOUIS DURAN to come into her office.**

**ANSWER:** Defendant Luther admits the allegations in paragraph 105.

**106. She shut the door and told JOSE LOUIS DURAN that he had failed the polygraph test and that he should admit that he was guilty of harming his child.**

**ANSWER:** Defendant Luther admits she shut the door and told Plaintiff Duran that he failed his polygraph examination. Defendant Luther denies the remaining allegations in paragraph 106.

**107. Officer LUTHER, under the threat of arresting Mr. DURAN if he did not cooperate, continued to interrogate him in a loud and abusive manner about what happened to the child.**

**ANSWER:** Defendant Luther denies the allegations in paragraph 107.

**108.** Officer LUTHER did not advise Mr. DURAN of his right to counsel or of any other *Miranda* rights.

**ANSWER:** Defendant Luther admits the allegations in paragraph 108.

**109.** JOSE LOUIS DURAN stated, as he had repeatedly stated before, that neither he nor his wife harmed their child in any way.

**ANSWER:** Defendant Luther admits the allegations in paragraph 109.

**110.** In the manner described above, JOSE LOUIS DURAN and EVELYN TORRES were detained by officer LUTHER until approximately 2:30 a.m. on November 29, 2005.

**ANSWER:** Defendant Luther denies the allegations in paragraph 110.

**111.** Officer LUTHER did not advise officer TINA FIGUEROA-MITCHELL that JOSE LOUIS DURAN and EVELYN TORRES had requested that the polygraph test to be preformed on EVELYN TORRES be administered in Spanish.

**ANSWER:** Defendant Luther admits the allegations in paragraph 111.

**112.** Alternatively, officer TINA FIGUEROA-MITCHELL was made aware of plaintiffs' request for EVELYN TORRES to take the polygraph test in Spanish and TINA FIGUEROA-MITCHELL ignored this request.

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112.

**113.** Officer TINA FIGUEROA-MITCHELL did not conduct formal pre-test interviews with JOSE LOUIS DURAN and EVELYN TORRES before administering the polygraph tests.

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113.

**114.** Officer TINA FIGUEROA-MITCHELL did not do any formal evaluation of EVELYN TORRES' proficiency with the English language before administering the polygraph tests to determine whether she needed to take the test in Spanish.

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114.

**115.** Officer TINA FIGUEROA-MITCHELL did not do any formal evaluation of LOUIS DURAN's proficiency with the English language before administering the polygraph tests to determine whether the test should be done in Spanish.

**ANSWER:** Defendant Luther without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115.

**Pleading further, hypothetically and in the alternative, in paragraphs 116 through 127:**

**116.** Officer TINA FIGUEROA-MITCHELL did not advise officer LUTHER, or allow officer LUTHER to observe, that two polygraph tests were performed on JOSE LOUIS DURAN.

**ANSWER:** Defendant Luther admits the allegations in paragraph 116.

**117.** Alternatively, officer TINA FIGUEROA-MITCHELL did advise officer LUTHER, to observe, that two polygraph tests were performed on JOSE LOUIS DURAN.

**ANSWER:** Defendant Luther denies the allegations in paragraph 117.

**118.** Officer TINA FIGUEROA-MITCHELL did not provide officer LUTHER the results of both of the polygraph tests performed on JOSE LOUIS DURAN.

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118.

**119.** Alternatively, officer TINA FIGUEROA-MITCHELL did provide officer LUTHER the results of both of the polygraph tests performed on JOSE LOUIS DURAN.

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a

24

belief as to the truth of the allegations in paragraph 119.

**120.    Officer TINA FIGUEROA-MITCHELL did not advise officer LUTHER, or allow officer LUTHER to observe, that three polygraph tests were performed on EVELYN TORRES.**

**ANSWER:**    Defendant Luther admits the allegations in paragraph 120.

**121.    Alternatively, officer TINA FIGUEROA-MITCHELL did advise officer LUTHER, or allow officer LUTHER to observe, that three polygraph tests were performed on EVELYN TORRES.**

**ANSWER:**    Defendant Luther denies the allegations in paragraph 121.

**122.    Officer TINA FIGUEROA-MITCHELL did not provide officer LUTHER the results of all three of the polygraph tests performed on EVELYN TORRES.**

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 122.

**123.    Alternatively, officer TINA FIGUEROA-MITCHELL did provide officer LUTHER the results of all three of the polygraph tests performed on EVELYN TORRES.**

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 123.

**124.    Officer TINA FIGUEROA-MITCHELL did not advise officer LUTHER, or allow officer LUTHER to observe, that all three polygraph tests performed on EVELYN TORRES were in English rather than Spanish.**

**ANSWER:**    Defendant Luther admits the allegations in paragraph 124.

**125.    Alternatively, officer TINA FIGUEROA-MITCHELL did advise officer LUTHER, or allow officer LUTHER to observe, that all three polygraph tests performed on EVELYN TORRES were in English rather than Spanish.**

**ANSWER:**    Defendant Luther denies the allegations in paragraph 125.

25

**126.** Officer TINA FIGUEROA-MITCHELL did not advise officer LUTHER, or allow officer LUTHER to observe, that both polygraph tests performed on JOSE LOUIS DURAN were in English rather than Spanish.

**ANSWER:** Defendant Luther admits the allegations in paragraph 126.

**127.** Alternatively, officer TINA FIGUEROA-MITCHELL did advise officer LUTHER, or allow officer LUTHER to observe, that both polygraph tests performed on JOSE LOUIS DURAN were in English rather than Spanish.

**ANSWER:** Defendant Luther denies the allegations in paragraph 127.

**128.** On November 29, 2005 or at some time shortly thereafter, officer LUTHER advised Nancy Rodriguez, the DCFS investigator, that both JOSE LOUIS DURAN and EVELYN TORRES failed their respective polygraph tests and that both were being deceptive in their answers.

**ANSWER:** Defendant Luther admits the allegations in paragraph 128.

**129.** On November 29, 2005 or at some time prior to December 23, 2005, officer LUTHER advised Michele Lorand, M.E., a pediatrician designated to prepare an MPEEC report in the case of E.D., that both JOSE LOUIS DURAN and EVELYN TORRES failed their respective polygraph tests and that both were being deceptive in their answers.

**ANSWER:** Defendant Luther admits the allegations in paragraph 129.

**130.** Officer LUTHER did not provide Nancy Rodriguez, nor any other DCFS personnel, any written documents or reports indicating the results of the polygraph tests taken by JOSE LOUIS DURAN and EVELYN TORRES.

**ANSWER:** Defendant Luther admits the allegations in paragraph 130.

**131.** Officer LUTHER did not provide Michele Lorand, M.D. any written documents or reports indicating the results of the polygraph tests taken by JOSE LOUIS DURAN and EVELYN TORRES.

**ANSWER:** Defendant Luther admits the allegations in paragraph 131.

132.    On December 23, 2005, Michele Lorand, M.D. submitted her MPEEC report to DCFS and to the State's Attorney's investigating the case of E.D.

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132.

133.    On January 21, 2006, the State of Illinois filed a Petition to Adjudicate Wardship as to the minor, E.D., with the parents, EVELYN TORRES and JOSE LOUIS DURAN, as respondents, in the Circuit Court of Cook County, Juvenile Child Protection Division, Calendar D.

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133.

134.    Discovery proceeded thereafter.

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134.

135.    On June 6, 2006, counsel for JOSE LOUIS DURAN filed and served a subpoena to the Chicago Police Department for all police records concerning the investigation conducted by police relative to the injuries sustained by E.D., including, but not limited to, all records, reports, graphs, notes or materials of any kind pertaining to the polygraph tests performed on EVELYN TORRES and JOSE LOUIS DURAN.

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135.

136.    Response to this subpoena was received on July 14, 2006.

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136.

**137.    These police records received in response to the subpoena were thereafter produced to all parties in the Juvenile Court case.**

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137.

**138.    The documents produced did not include any polygraph report prepared by TINA FIGUEROA-MITCHELL or by anyone else in the Forensic Services Division or the Polygraph Section concerning the results of the polygraph tests administered to JOSE LOUIS DURAN and EVELYN TORRES.**

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138.

**139.    The documents produced did include a Field Investigation Polygraph Report, approved by supervising officer Richard Janus, indicating that Milagros Vasquez passed her polygraph test with no deception indicated and that Maria Barrera's test was inconclusive.**

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139.

**140.    TINA FIGUEROA-MITCHELL did not prepare, or cause to be prepared, a final Field Investigation Polygraph Report or Reports, approved by any supervisor, regarding the polygraph tests performed on JOSE LOUIS DURAN and EVELYN TORRES.**

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140.

**141.    Officer LUTHER stated in her reports that both EVELYN TORRES and JOSE LOUIS DURAN failed their polygraph tests with deception indicated for both.**

**ANSWER:**    Defendant Luther admits the allegations in paragraph 141.

28

**142.     TINA FIGUEROA-MITCHELL did not prepare reports of the results of each of the five of the polygraph tests performed on plaintiffs.**

**ANSWER:**     Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142.

**143.     None of officer LUTHER's reports indicate that JOSE LOUIS DURAN took two polygraph tests and that EVELYN TORRES took three polygraph tests.**

**ANSWER:**     Defendant Luther admits her reports do not indicate that Plaintiff Duran allegedly took two polygraph examinations or that Plaintiff Torres allegedly took three polygraph examinations.  Defendant Luther denies the remaining allegations in paragraph 143.

**144.     None of officer LUTHER'S reports, nor any report of TINA FIGUEROA-MITCHELL, indicate the results of both of the polygraph tests taken by JOSE LOUIS DURAN and all three of the polygraph tests taken by EVELYN TORRES.**

**ANSWER:**     Defendant Luther admits her reports do not indicate that Plaintiff Duran allegedly took two polygraph examinations or that Plaintiff Torres allegedly took three polygraph examinations.  Defendant Luther denies the remaining allegations in paragraph 144 to the extent they allege conduct by her.

**145.     Non of officer LUTHER'S reports indicate that both of the polygraph tests taken by JOSE LOUIS DURAN and all three of the polygraph tests taken by EVELYN TORRES were given in English rather than Spanish.**

**ANSWER:**     Defendant Luther admits the allegations in paragraph 145.

**146.     On July 28, 2006, after all discovery had been completed, all parties to the Juvenile Court Proceeding appeared for the first of two scheduled days of final hearing of the Petition for Adjudication of Wardship pertaining to E.D.**

**ANSWER:**     Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146.

147.     Prior to July 28, 2006, officer **PATRICIA LUTHER** did not advise Nancy Rodriguez, nor anyone at DCFS, that two polygraph tests were performed on **JOSE LOUIS DURAN.**

    **ANSWER:**     Defendant Luther admits the allegations in paragraph 147.

148.     Prior to July 28, 2006, officer **PATRICIA LUTHER** did not advise Nancy Rodriguez, nor anyone else at DCFS, that three polygraph tests were performed on **EVELYN TORRES.**

    **ANSWER:**     Defendant Luther admits the allegations in paragraph 148.

149.     Prior to July 28, 2006, officer **PATRICIA LUTHER** did not advise Nancy Rodriguez, nor anyone else at DCFS, that the polygraph tests performed on **EVELYN TORRES** were performed in English rather than Spanish.

    **ANSWER:**     Defendant Luther admits the allegations in paragraph 149.

150.     Prior to July 28, 2006, officer **PATRICIA LUTHER** did not advise Nancy Rodriguez, nor anyone else at DCFS, that the polygraph tests performed on **LOUIS DURAN** were performed in English rather than Spanish.

    **ANSWER:**     Defendant Luther admits the allegations in paragraph 150.

151.     Prior to July 28, 2006, officer **PATRICIA LUTHER** did not advise Michele Lorand, M.D. that the polygraph tests performed on **EVELYN TORRES** were performed in English rather than Spanish.

    **ANSWER:**     Defendant Luther admits the allegations in paragraph 151.

152.     Prior to July 28, 2006, officer **PATRICIA LUTHER** did not advise Michele Lorand, M.D. that the polygraph tests performed on **LOUIS DURAN** were performed in English rather than Spanish.

    **ANSWER:**     Defendant Luther admits the allegations in paragraph 152.

**153.** Prior to July 28, 2006, officer **PATRICIA LUTHER** did not advise Nancy Rodriguez, nor anyone else at DCFS, of the results of both polygraph tests done on **JOSE LOUIS DURAN.**

**ANSWER:** Defendant Luther admits the allegations in paragraph 153.

**154.** Prior to July 28, 2006, officer **PATRICIA LUTHER** did not advise Nancy Rodriguez, nor anyone else at DCFS, of the results of all three of the polygraph tests done on **EVELYN TORRES.**

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 154.

**155.** Officer **PATRICIA LUTHER** never advised Michele Lorand, M.D. of the results of both polygraph tests done on **JOSE LOUIS DURAN.**

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 155.

**156.** Officer **PATRICIA LUTHER** never advised Michele Lorand, M.D. of the results of all three of the polygraph tests done on **EVELYN TORRES.**

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 156.

**157.** Officer **PATRICIA LUTHER** never advised the Illinois State's Attorney dealing with the juvenile child protection action of the results of both polygraph tests done on **JOSE LOUIS DURAN.**

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 157.

**158.** Officer **PATRICIA LUTHER** never advised the Illinois State's Attorney dealing with the juvenile child protection action of the results of all three polygraph tests done on **EVELYN TORRES.**

**ANSWER:** Defendant Luther is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 158.

**159.    Prior to July 28, 2006, officer PATRICIA LUTHER did not advise the Illinois State's Attorney dealing with the juvenile child protection action of the fact that the polygraph tests done on EVELYN TORRES were done in English rather than her native Spanish;**

    **<u>ANSWER:</u>**   Defendant Luther admits the allegations in paragraph 159.

**160.    Prior to July 28, 2006, officer PATRICIA LUTHER did not advise the Illinois State's Attorney dealing with the child protection matter that the polygraph tests done on JOSE LOUIS DURAN were done in English rather than his native Spanish.**

    **<u>ANSWER:</u>**   Defendant Luther admits the allegations in paragraph 160.

**161.    Officer TINA FIGUEROA-MITCHELL was aware, at the time that she conducted the polygraph tests on JOSE LOUIS DURAN and EVELYN TORRES, that an investigation was being conducted by DCFS and the State's Attorney's Office to determine whether to petition the court to remove the child, E.D., from the custody of the parents permanently or for a significant period of time.**

    **<u>ANSWER:</u>**   Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161.

**162.    Officer TINA FIGUEROA was aware, at the time she conducted the polygraph tests on JOSE LOUIS DURAN and EVELYN TORRES, that the results of the polygraph tests would be communicated by officer LUTHER to DCFS and the Illinois State's Attorney for use in the DCFS investigation.**

    **<u>ANSWER:</u>**   Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162.

**163.    Officer TINA FIGUEROA-MITCHELL was aware, at the time she conducted the polygraph tests at issue, that, DCFS does not perform polygraph tests.**

    **<u>ANSWER:</u>**   Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163.

**164.     Officer TINA FIGUEROA-MITCHELL was aware, at the time she conducted the polygraph tests at issue, that DCFS and the Illinois State's Attorneys would rely upon the accuracy of the results of the police polygraph tests.**

**ANSWER:**     Defendant Luther is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 164.

**165.     Officer TINA FIGUEROA-MITCHELL was aware, at the time she conducted the polygraph tests at issue, that disclosure of any and all information to DCFS and the Illinois State's Attorneys concerning the circumstances and results of all tests she performed would be vitally important so that DCFS and the Illinois State's Attorney could properly consider the weight or validity to give the results.**

**ANSWER:**     Defendant Luther is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 165.

**166.     Officer PATRICIA LUTHER was aware, at the time she reported the results of the polygraph tests to DCFS, the MPEEC physician and the Illinois State's Attorneys, that these parties would use the results in their investigations.**

**ANSWER:**     Defendant Luther denies the allegations in paragraph 166.

**167.     Officer PATRICIA LUTHER was aware, at the time she reported the results of the polygraph tests at issue to DCFS, the MPEEC physician and the Illinois State's Attorneys in the child protection action that these parties would rely upon the accuracy of the results of the police polygraph tests.**

**ANSWER:**     Defendant Luther denies the allegations in paragraph 167.

**168.     Officer PATRICIA LUTHER was aware, at the time she reported the results of the polygraph tests to DCFS, that an investigation was being conducted by DCFS and the State's Attorney's Office to determine whether to petition the court to remove the child from the parents permanently or for a significant period of time.**

**ANSWER:**     Defendant Luther admits the allegations in paragraph 168.

**169.    Officer PATRICIA LUTHER was aware, at the time she reported the results of the polygraph tests at issue to DCFS, the MPEEC physician and the Illinois State's Attorney that disclosure of any and all information to these parties concerning the circumstances of the tests as well as all results would be vitally important so that DCFS, the MPEEC physician and the Illinois State's Attorneys could properly consider the weight or validity to give the results.**

**ANSWER:**    Defendant Luther denies the allegations in paragraph 169.

**170.    Officer PATRICIA LUTHER was aware, at the time she reported the results of the polygraph tests at issue to Michele Lorand, M.D., that Dr. Lorand would rely upon the accuracy of the results of the police polygraph tests in rendering opinions to DCFS.**

**ANSWER:**    Defendant Luther denies the allegations in paragraph 170.

**171.    On September 7, 2006, the MPEEC physician, Michele Lorand, M.D., filed an affidavit indicating that, on August 21, 2006, after the beginning of the adjudication hearing on July 28, 2006, she was provided additional information that was not provided to her prior to the date of her December 23, 2005 MPEEC report.**

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171.

**172.    One of the new pieces of information provided to Dr. Lorand on August 21, 2006 is that the polygraph tests done on plaintiffs were done in English rather than their native Spanish.**

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172.

**173.    The information in the preceding paragraph is information that was known to PATRICIA LUTHER, TINA FIGUEROA-MITCHELL and the CHICAGO POLICE DEPARTMENT, well before the date of Dr. Lorand's December 23, 2005 MPEEC report, and was intentionally and maliciously withheld and not provided to Dr. Lorand.**

**ANSWER:**    To the extent paragraph 173 alleges knowledge or acts by her, Defendant Luther denies the allegations.  Defendant Luther is without knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 173.

**174.   Even as of August 21, 2006, Dr. Lorand was never advised by PATRICIA LUTHER, TINA FIGUEROA-MITCHELL or the CHICAGO POLICE DEPARTMENT that JOSE LOUIS DURAN and EVELYN TORRES were subjected to multiple polygraph tests.**

<u>**ANSWER:**</u>   Defendant Luther admits the allegations in paragraph 174 as they pertain to her. Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 174.

**175.   Even as of August 21, 2006, Dr. Lorand was never advised by PATRICIA LUTHER, TINA FIGUEROA-MITCHELL or the CHICAGO POLICE DEPARTMENT of the results of all of the polygraph tests performed on plaintiffs so she could properly determine what weight, if any, to give the results.**

<u>**ANSWER:**</u>   Defendant Luther admits the allegations in paragraph 175 as they pertain to her. Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 175.

**176.   On September 7, 2006, the People of the State of Illinois, by and through the Illinois State's Attorney, voluntarily dismissed their Petition to Adjudicate Wardship, filed against the plaintiffs herein, and, based upon this, the Court vacated the temporary guardianship of DCFS over the child.**

<u>**ANSWER:**</u>   Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176.

**177.   E.D. was thereafter promptly returned to the custody of her natural parents, JOSE LOUIS DURAN and EVELYN TORRES.**

<u>**ANSWER:**</u>   Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177.

178.    During the pendency of the various investigations and the Juvenile court action, E.D. was separated from her natural parents from November 23, 2005 through September 7, 2006, the 6th through 15th months of her young life.

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 178.

### COUNT 1: <u>VIOLATIONS OF 42 U.S.C. 1983: False Detention and Confinement and Unreasonable and Warrantless Search by Officer LUTHER</u>

179.    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 178 above with the same force and effect as if herein set forth.

**ANSWER:**    Defendant Luther resubmits her answers to paragraphs 1 through 178

above with the same force and effect as if herein set forth.

180.    At all times relevant herein, the conduct of officer LUTHER was subject to 42 U.S.C. sec. 1983.

**ANSWER:**    Defendant Luther admits the allegations in paragraph 180.

181.    Acting under the color of law, Defendant LUTHER maliciously, willfully and wantonly and/or with reckless indifference, worked a denial of plaintiffs' rights, privileges and immunities secured by the United States Constitution or by Federal law, through the following acts and omissions:

      a.    depriving JOSE LOUIS DURAN and EVELYN TORRES, of their liberty without due process of law by holding them against their will, at a remote location, for repeated polygraph tests by using the threat that they would not get their baby back unless they submitted to and passed these tests;

      b.    depriving JOSE LOUIS DURAN and EVELYN TORRES of their liberty without due process of law during the post-polygraph test interrogation by holding them against their will with threats to arrest them if they did not comply;

      c.    failing to arrange for EVELYN TORRES to take her polygraph test

36

in Spanish

    d.      conducting an unreasonable warrantless detention for purposes of interrogation without advising plaintiffs of their *Miranda* rights and without due process of law,

    e.      failing to prevent such deprivations and denials to plaintiffs, thereby depriving plaintiffs of their rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

**ANSWER:**    Defendant Luther denies the allegations in paragraph 181.

182.    As a result of their the acts and omissions of Defendants, officer PATRICIA LUTHER: Plaintiffs were deprived of their liberty without due process of law and their right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983; and proceedings were instituted in the Juvenile court against Plaintiffs that removed E.D. from their custody for more than 8 months; thereby causing plaintiffs to suffer severe emotional distress, mental pain, anguish, humiliation and embarrassment from being subjected to an unwarranted prosecution and attacks upon their character and from painful separation from their baby at a very critical stage in the parent-baby bonding process;

**ANSWER:**    Defendant Luther denies the allegations in paragraph 182.

183.    The CITY OF CHICAGO is obligated to pay any and all compensatory damages awarded to Plaintiffs with respect to any judgment obtained against PATRICIA LUTHER in this court pursuant to 745 ILCS 10/9-102.

**ANSWER:**    Defendant Luther admits the allegations in paragraph 183.

## COUNT 2: VIOLATIONS OF 42 U.S.C. 1983: Due Process Violations and Hiding Exculpatory Information by TINA FIGUEROA-MITCHELL

As this Count is not directed at Defendant Luther, she makes no answer to Count 2.

## COUNT 3, VIOLATIONS OF 42 U.S.C. 1983: Due Process Violations and Hiding Exculpatory Information by PATRICIA LUTHER

**188.** Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 187 above and the same force and effect as if herein set forth.

**ANSWER:** Defendant Luther resubmits her answers to paragraphs 1 through 188

above with the same force and effect as if herein set forth.

**189.** At all times relevant herein, the conduct of all Defendant PATRICIA LUTHER was subject to 42 U.S.C. sec. 1983.

**ANSWER:** Defendant Luther admits the allegations in paragraph 189.

**190.** Acting under the color of law, Defendants, officer PATRICIA LUTHER maliciously, willfully and wantonly and/or with reckless indifference, worked a denial of plaintiffs' rights, privileges and immunities secured by the United States Constitution or by Federal law, through the following acts and omissions:

    **a.** giving false, incomplete or misleading information concerning polygraph results of plaintiffs to DCFS, MPEEC and the Illinois State's Attorney handling the juvenile child protection matter for the unlawful purpose of violating the constitutional rights of EVELYN TORRES and JOSE LOUIS DURAN and for the purpose of causing them to lose custody of their child;

    **b.** reporting to DCFS, the MPEEC physician and the Illinois State's Attorney that JOSE LOUIS DURAN and EVELYN TORRES failed their polygraph tests;

    **c.** failing to timely reveal to DCFS, the MPEEC physician and the Illinois State's Attorney that the polygraph tests were conducted in English rather than the plaintiffs' native Spanish so these agencies and individuals could properly determine what weight to give the results, if any;

    **d.** withholding information from DCFS, the MPEEC physician and the Illinois State's Attorney that each plaintiff was required to take more than one polygraph tests so that these agencies and individuals could properly determine what weight to give the results, if any;

    **e.** withholding the results of all the polygraph tests to DCFS, the MPEEC physician and the Illinois State's Attorney so that these

38

**agencies and individuals could properly determine what weight to give the results, if any;**

    **f.**    **withholding formal written reports of the results of all of the polygraph tests to DCFS, the MPEEC physician and the Illinois State's Attorney so that these agencies and individuals could properly determine what weight to give the results, if any.**

    <u>**ANSWER:**</u>    Defendant Luther denies the allegations in paragraph 190.

    **191.**    **As a result of the above unlawful, willful, wanton and malicious acts and omissions to violate due process rights of the plaintiffs and to hide exculpatory information concerning JOSE LOUIS DURAN and EVELYN TORRES, defendant officer PATRICIA LUTHER deprived JOSE LOUIS DURAN and EVELYN TORRES of both their right to due process of law and their right to equal protection of the laws. Further, the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.**

    <u>**ANSWER:**</u>    Defendant Luther denies the allegations in paragraph 191.

    **192.**    **As a direct proximate result of the acts, omissions of defendant LUTHER, proceedings were instituted in the Juvenile court against Plaintiffs that removed E.D. from their custody for more than 8 months; thereby causing plaintiffs to suffer severe emotional distress, mental pain, anguish, humiliation and embarrassment from being subjected to an unwarranted prosecution and attacks upon their character and from painful separation from their baby at a very critical stage in the parent-baby bonding process;**

    <u>**ANSWER:**</u>    Defendant Luther denies the allegations in paragraph 192.

    **193.**    **The CITY OF CHICAGO is obligated to pay any and all compensatory damages awarded to Plaintiffs with respect to any judgment obtained against PATRICIA LUTHER in this count pursuant to 745 ILCS 10/9-102.**

    <u>**ANSWER:**</u>    On information and belief, Defendant Luther admits the allegations in paragraph 193.

## COUNT 4, VIOLATIONS OF 42 U.S.C. 1983: Due Process Violations Under the 4th 4nd and 14th Amendments for Conspiracy to Hide Exculpatory Information

**194.    Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 193 above with the same force and effect as if herein set forth.**

**ANSWER:**    Defendant Luther repeats her answer to paragraphs 1 through 193 with the same force and effect as if herein set forth.

**195.    At all times relevant herein, the conduct of all Defendants PATRICIA LUTHER, TINA FIGUEROA-MITCHELL and the CITY OF CHICAGO were subject to 42 U.S.C. sec. 1983.**

**ANSWER:**    Defendant Luther admits the allegations in paragraph 195.

**196.    Acting under the color of law, Defendants, officer PATRICIA LUTHER, TIN FIGUEROA-MITCHELL and the CITY OF CHICAGO, maliciously, willfully and wantonly and/or with reckless indifference worked a denial of plaintiffs' rights, privileges and immunities secured by the United States Constitution or by Federal law, through the following acts and omissions:**

> **a.    Acting individually, or in a conspiracy with each other, to gave false, incomplete or misleading information concerning polygraph results of plaintiffs to DCFS, MPEEC and the Illinois State's Attorney handling the juvenile child protection matter for the unlawful purpose of violating the constitutional rights of EVELYN TORRES and JOSE LOUIS DURAN and for the purpose of causing them to lost custody of their child;**
>
> **b.    reporting to DCFS, the MPEEC physician and the Illinois State's Attorney that JOSE LOUIS DURAN and EVELYN TORRES failed their polygraph tests;**
>
> **c.    failing to timely reveal to DCFS, the MPEEC physician and the Illinois State's Attorney that the polygraph tests were conducted in English rather than the plaintiffs' native Spanish so these agencies and individuals could properly determine what weight to give the results, if any;**
>
> **d.    withholding information from DCFS, the MPEEC physician and the Illinois State's Attorney that each plaintiff was required to take more than one polygraph test so that these agencies and individuals could properly determine what weight to give the results, if any;**

       e.       **withholding the results of all of the polygraph tests to DCFS, the MPEEC physician and the Illinois State's Attorney so that these agencies and individuals could properly determine what weight to give the results, if any;**

       f.       **withholding formal written reports of all of the polygraph tests to DCFS, the MPEEC physician and the Illinois State's Attorney so that these agencies and individuals could properly determine what weight to give the results, if any.**

**ANSWER:**    Defendant Luther denies the allegations in paragraph 196 to the extent the paragraph alleges conduct by her.

**197.    As a result of their unlawful and malicious conspiracy to violate due process rights of the plaintiffs and to hide exculpatory information concerning JOSE LOUIS DURAN and EVELYN TORRES, Defendants Officer PATRICIA LUTHER and Officer TINA FIGUEROA-MITCHELL and the CITY OF CHICAGO deprived JOSE LOUIS DURAN and EVELYN TORRES of both their right to due process of law and their right to equal protection of the laws.  Further the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.**

**ANSWER:**    Defendant Luther denies the allegations in paragraph 197 to the extent the paragraph alleges conduct by her.

**198.    As a direct proximate result of the acts, omissions of defendants, individually and in a conspiracy with each other, proceedings were instituted in the Juvenile court against Plaintiffs that removed E.D. from their custody for more than 8 months; thereby causing plaintiffs to suffer severe emotional distress, mental pain, anguish, humiliation and embarrassment from being subjected to an unwarranted prosecution and attacks upon their character and from painful separation from their baby at a very critical stage in the parent-baby bonding process;**

**ANSWER:**    Defendant Luther denies the allegations in paragraph 198 to the extent the paragraph alleges conduct by her.

**199.    If judgment in favor of plaintiffs is entered against either PATRICIA LUTHER or TINA FIGUEROA-MITCHELL or both under this count, defendant CITY OF CHICAGO is obligated by law, pursuant to 745 ILCS 10/9-102, to pay and all compensatory damages owed to plaintiffs by these defendants.**

**ANSWER:**    On information and belief, Defendant Luther admits the allegations in

paragraph 199.

### COUNT 5: VIOLATIONS OF 42 U.S.C. 1983: Due Process Violations by the CITY OF CHICAGO Under the 4th and 14th Amendments

As this Count is directed at the City of Chicago alone, Defendant Luther makes no answer

to Count 5.

### COUNT 6:   MALICIOUS PROSECUTION

**205.    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 204 above with the same force and effect as if herein set forth.**

**ANSWER:**    Defendant Luther repeats her answer to paragraphs 1 through 205 with the

same force and effect as if herein set forth.

**206.    Defendants willfully, wantonly and with malice instituted a legal process against the plaintiffs to remove their child, E.D., from their custody:**

> **a.    Officers TINA FIGUEROA-MITCHELL and PATRICIA LUTHER and the CITY OF CHICAGO played an active role in the initiation of the juvenile child protection proceedings wherein JOSE LOUIS DURAN and EVELYN TORRES were named as respondents and the ultimate goal was to adjudicate E.D. a Ward of the State;**

> **b.    Officers TINA FIGUEROA-MITCHELL and PATRICIA LUTHER, and the CITY OF CHICAGO, maliciously and with willful and wanton disregard for accuracy reported false and misleading information to DCFS, the MPEEC and the Illinois State's Attorney regarding polygraph test results that were used as a basis for instituting the juvenile child protection proceedings wherein JOSE LOUIS DURAN and EVELYN TORRES were named as respondents**

and the ultimate goal was to adjudicate E.D. a Ward of the State;

c.      Without the false and misleading polygraph test results given by the
        CITY OF CHICAGO, TINA FIGUEROA-MITCHELL and
        PATRICIA LUTHER to DCFS, MPEEC and the Illinois State's
        Attorney, a person of ordinary prudence would not conclude that
        there was probable cause to bring the child protection action against
        JOSE LOUIS DURAN and EVELYN TORRES;

d.      The juvenile child protection action was ultimately terminated in
        favor of JOSE LOUIS DURAN and EVELYN TORRES and their
        child E.D. was returned to the custody of the parents.

**ANSWER:**     Defendant Luther denies the allegations in paragraph 206 to the extent the

paragraph alleges conduct by her.

207.    As a direct and proximate result of the acts, omissions of defendants,
proceedings were instituted in the Juvenile court against Plaintiffs that removed E.D. from
their custody for more than 8 months; thereby causing plaintiffs to suffer severe emotional
distress, mental pain, anguish, humiliation and embarrassment from being subjected to an
unwarranted prosecution and attacks upon their character and from painful separation
from their baby at a very critical stage in the parent-baby bonding process;

**ANSWER:**     Defendant Luther denies the allegations in paragraph 207 to the extent the

paragraph alleges conduct by her.

208.    Defendant CITY OF CHICAGO is liable for the act and omissions of its
officers under the doctrine of respondeat superior.

**ANSWER:**     Defendant Luther admits the allegations in paragraph 208.

### COUNT 7: <u>ASSAULT: by Officer LUTHER against EVELYN TORRES</u>

209.    EVELYN TORRES repeats and re-alleges and incorporates by reference the
allegations in paragraphs 1 through 208 above with the same force and effect as if herein
set forth.

**ANSWER:**     Defendant Luther repeats her answer to paragraphs 1 through 209 with the

43

same force and effect as if herein set forth.

**210. EVELYN TORRES is a reasonable person.**

**ANSWER:** On information and belief, Defendant Luther denies the allegations in

paragraph 210.

**211. Defendant Officer LUTHER, maliciously and willfully and wantonly created an apprehension of immediate physical harm by means of yelling at her and pushing her in an abusive manner for no known purpose other than to create in EVELYN TORRES an apprehension of immediate physical harm.**

**ANSWER:** Defendant Luther denies the allegations in paragraph 211.

**212. Any reasonable person would also become apprehensive in the face of defendants' threatening conduct.**

**ANSWER:** Defendant Luther denies the allegations in paragraph 212.

**213. As a direct proximate result of the acts, EVELYN TORRES suffered apprehension of physical harm, mental anguish and fear.**

**ANSWER:** Defendant Luther denies the allegations in paragraph 213.

**214. Defendant CITY OF CHICAGO is liable for the acts and omissions of its officers under the doctrine of respondeat superior.**

**ANSWER:** On information and belief, Defendant Luther admits the allegations in

paragraph 214.

**COUNT 8: BATTERY: by officer LUTHER against EVELYN TORRES**

**215. EVELYN TORRES repeats, re-alleges and incorporates by reference the allegations in paragraphs 1 through 216 above with the same force and effect as if herein set forth.**

**ANSWER:** Defendant Luther repeats her answer to paragraphs 1 through 216 with the

same force and effect as if herein set forth.

44

**217.    Without the consent of EVELYN TORRES, Defendant Officer LUTHER intentionally, harmfully, and offensively touched EVELYN TORRES by pushing her twice while yelling at her that she was guilty of injuring her child;**

**ANSWER:**    Defendant Luther denies the allegations in paragraph 217.

**218.    As a direct proximate result of the acts and omission of defendant, EVELYN TORRES suffered physical harm, mental anguish and fear.**

**ANSWER:**    Defendant Luther denies the allegations in paragraph 218.

**219.    Defendant CITY OF CHICAGO is liable for these acts under the doctrine of respondeat superior.**

**ANSWER:**    On information and belief, Defendant Luther admits the allegations in

paragraph 219, but denies committing the conduct alleged.

## COUNT 9:    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS by Officer LUTHER

**220.    Plaintiffs repeat, re-allege and incorporate by reference the allegations in paragraphs 1 through 219 above with the same force and effect as if herein set forth.**

**ANSWER:**    Defendant Luther repeats her answer to paragraphs 1 through 219 with the

same force and effect as if herein set forth.

**221.    Defendant officer LUTHER willfully and wantonly inflicted emotional distress on EVELYN TORRES and JOSE LOUIS DURAN by maliciously prosecuting them, by abusing the legal process, by violating plaintiffs' constitutional rights, by falsely detaining and interrogating the plaintiffs, by conspiring against plaintiffs, by pushing EVELYN TORRES and by interfering with plaintiff's state civil rights through the use of threats, coercion, or intimidation;**

**ANSWER:**    Defendant Luther denies the allegations in paragraph 221.

**222.    Officer LUTHER knew or should have known that emotional distress would likely result from her conduct.**

**ANSWER:**    Defendant Luther denies the allegations in paragraph 222.

45

223.     **Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.**

**ANSWER:**     Defendant Luther denies the allegations in paragraph 223.

224.     **The actions of the Defendant officer LUTHER were the cause of severe emotional distress to EVELYN TORRES and JOSE LOUIS DURAN.**

**ANSWER:**     Defendant Luther denies the allegations in paragraph 224.

225.     **JOSE LOUIS DURAN is a reasonable person.**

**ANSWER:**     On information and belief, Defendant Luther denies the allegations in paragraph 225.

226.     **EVELYN TORRES is a reasonable person.**

**ANSWER:**     On information and belief, Defendant Luther denies the allegations in paragraph 226.

227.     **The emotional distress sustained JOSE LOUIS DURAN and EVELYN TORRES was severe and of a nature that no reasonable person could be expected to endure.**

**ANSWER:**     Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 227.

228.     **As a result of the Defendants' extreme and outrageous conduct, Plaintiffs have suffered severe emotional distress, mental pain, anguish, humiliation and embarrassment from being subjected to an unwarranted prosecution and attacks upon their character and from painful separation from their baby at a very critical stage in the parent-baby bonding process;**

**ANSWER:**     Defendant Luther denies the allegations in paragraph 228.

229.    Plaintiffs will continue to suffer emotion distress, mental anguish and trauma from the separation in the future;

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 229.

230.    Defendants CITY OF CHICAGO are liable under the doctrine of respondeat superior.

**ANSWER:**    On information and belief, Defendant Luther admits the allegations in paragraph 230.

## COUNT 10: DEFAMATION PER SE

231.    Plaintiffs repeat and re-allege and incorporate by reference the allegations in paragraphs 1 through 230 above with the same force and effect as if herein set forth.

**ANSWER:**    Defendant Luther repeats her answer to paragraphs 1 through 230 with the same force and effect as if herein set forth.

232.    Defendants LUTHER and FIGUEROA-MITCHELL maliciously and with willful, wanton and reckless disregard for the truth, reported false, inaccurate and misleading polygraph test results to DCFS, MPEEC and the Illinois State's Attorneys handling the investigation and prosecution of a child protection action concerning, E.D., daughter of EVELYN TORRES and JOSE LOUIS DURAN.

**ANSWER:**    Defendant Luther denies the allegations in paragraph 232.

233.    This report was defamatory and made with the intent to convey to DCFS, MPEEC and the Illinois State's Attorney that EVELYN TORRES and JOSE LOUIS DURAN were guilty of a serious crime against their child;

**ANSWER:**    Defendant Luther denies the allegations in paragraph 233.

47

235.    The report proximately cause or contributed to cause the naming of JOSE LOUIS DURAN and EVELYN TORRES as respondents in an action by the State of Illinois to Adjudicate the Wardship of their child and to remove her from the custody of her parents;

ANSWER:    Defendant Luther denies the allegations in paragraph 234.

236.    The investigation by officer LUTHER, FIGUEROA-MITCHELL and the Chicago Police Department was not "necessarily preliminary" to the investigations by DCFS and the Illinois State's Attorneys handling the child protection matter.

ANSWER:    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 236.

237.    The actions by officer LUTHER and FIGUEROA-MITCHELL in performing the polygraph tests upon Plaintiffs were part of a police investigation for purposes of determining whether criminal charges would be brought.

ANSWER:    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 237.

238.    Neither officer LUTHER nor officer FIGUEROA-MITCHELL had any duty or legal obligation to provide any polygraph test results to DCFS, MPEEC or the Illinois State's Attorney's handling the child protection matter.

ANSWER:    Defendant Luther admits only those duties imposed by law, but deny that Plaintiffs have accurately alleged those duties.

239.    Neither the performance of the polygraph tests nor the reporting of the results was "necessarily preliminary" to any action by the State of Illinois to Adjudicate the Wardship of E.D..

ANSWER:    Defendant Luther is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 239.

240.    The information regarding polygraph tests results provided by LUTHER and FIGUEROA-MITCHELL to DCFS, MPEEC and the Illinois State's Attorneys was provided gratuitously.

**ANSWER:**    Defendant Luther denies the allegations in paragraph 240.

241.    Therefore, officer LUTHER and officer FIGUEROA-MITCHELL's actions in providing false and misleading information to DCFS, MPEEC and the Illinois State's Attorneys was a willful, wanton, malicious and calculated attempt to make JOSE LOUIS DURAN and EVELYN TORRES appear to be the perpetrators of abuse upon their child using information that did not even need to be part of the child protection investigation.

**ANSWER:**    Defendant Luther denies the allegations in paragraph to the extent

paragraph 241 alleges conduct by her.

242.    The false and misleading polygraph reports provided by LUTHER and FIGUEROA-MITCHELL to DCFS, MPEEC and the Illinois State's Attorneys resulted in the prolonged, involuntary placement of E.D. in foster care and temporary guardianship in favor of DCFS such that the parents were awarded only limited visitation rights of 1 to 2 hours per week;

**ANSWER:**    Defendant Luther denies the allegations in paragraph to the extent

paragraph 242 alleges conduct by her.

243.    While the court records of the juvenile proceedings remained confidential, no amount of confidentiality could prevent the friends, neighbors and relatives of JOSE LOUIS DURAN and EVELYN TORRES from finding out that DCFS and the State of Illinois had taken actions to remove E.D. from their custody due to proceedings against the parents for suspected child abuse;

**ANSWER:**    Defendant Luther is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 243.

**244.   As a direct, proximate result of the acts and omissions of officer LUTHER and officer FIGUEROA-MITCHELL, E.D. was kept in foster care and out of the custody of her parents for more than 8 months.  Plaintiffs have suffered severe emotional distress, mental pain, anguish, humiliation, damage to their reputations and embarrassment from being subjected to an unwarranted prosecution and attacks upon their character and from painful separation from their baby at a very critical stage in the parent-baby bonding process.**

<u>ANSWER:</u>   Defendant Luther denies the allegations in paragraph 244.

**245.   If judgment in favor of plaintiffs is entered against either PATRICIA LUTHER or TINA FIGUEROA-MITCHELL or both under this count, defendant CITY OF CHICAGO is obligated by law, pursuant to 745 ILCS 10/9-102, to pay and all compensatory damages owed to plaintiffs by these defendants.**

<u>ANSWER:</u>   On information and belief, Defendant Luther admits the allegations in paragraph 245.

<u>**AFFIRMATIVE DEFENSES**</u>

1.   Any award of damages against Defendant Luther shall be reduced in proportion to the comparative fault of Plaintiffs' own acts or omissions, including but not limited to Plaintiffs' own negligent, intentional or willful and wanton conduct which proximately caused the claimed injuries and damages.

2.   Defendant Luther is not liable for any of the claims alleged because at all times relevant to this complaint the defendants were public employees, namely police detectives, who were engaged in the execution and enforcement of the law, and none of their acts or omissions in the execution or enforcement of any law constituted willful and wanton conduct.  745 ILCS 10/2-202.

3.   Defendant Luther is not liable for any of the claims alleged because a public employee, as such and acting within the scope of his employment, is not liable for an injury

caused by the act or omission of another person. 745 ILCS 10/2-204.

4.     To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in this case.

5.     As to all federal claims, at all times during the events alleged in Plaintiffs' Amended Complaint, a reasonable police officer, objectively viewing the facts and circumstances then confronting Defendant Luther during the incident which allegedly provides the basis for the present case, could have reasonably believed that the actions taken by her were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendant Luther is, therefore, entitled to qualified immunity.

6.     Defendant Luther is not liable for any of the claims alleged because her decision to perform a polygraph test was a decision that involved the determination of policy and the exercise of discretion for which she is immune from liability. 745 ILCS 10/2-201.

7.     Defendant Luther is not liable not liable for any of the claims alleged because a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause.  745 ILCS 10/2-208.

8.     Defendant Luther is immune from plaintiffs' claims alleged herein because public employees are not liable for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals.  745 ILCS 10/4-102 (2000).

9.      Plaintiffs' Fifth Amendment claims should be dismissed because Defendant Luther is not "federal" actors.  It is well established that Fifth Amendment protections are applicable to federal, not state action.  <u>Monitor v. City of Chicago</u>, 653 F. Supp. 1294, 1299 (N.D. Ill. 1997).  In their complaint, Plaintiffs properly alleges that Defendant Figueroa-Mitchell was acting under color of <u>state</u> law.  Thus, because Plaintiffs' complaint does not concern any "federal" action taken by Defendant Luther, their Fifth Amendment claims must be dismissed.

10.      Plaintiffs purports to sue Defendant Luther in both her individual and official capacities.  Suing Defendant Luther in her official capacity, however, "is merely another form of claim against the government entity itself.  Damages may be awarded against a defendant in his official capacity only if they would be recoverable against the governmental entity."  <u>Wolf-Lillie v. Sondquist</u>, 699 F.2d 864, 871 (7th Cir. 1983).  Plaintiff has alleged a <u>Monell</u> claim against the City of Chicago.  Therefore, all official capacity claims are duplicative of the <u>Monell</u> claim and should be dismissed.

WHEREFORE, based upon the forgoing, Defendant Patricia Luther respectfully requests that this Court grant judgment in her favor and against Plaintiffs and, further, that this Court grant Defendant Patricia Luther such fees, costs as allowed by law and such other relief as this Court deems appropriate and just.

Respectfully submitted,

_____

LIZA M. FRANKLIN
Chief Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-0170
(312) 744-6566 (FAX)
ATTY. NO. 06216088